UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [19]

## I. Introduction

Before the Court is Plaintiff Ada Casillas Gascon's motion to remand. Plaintiff's Motion to Remand ("Mot."), ECF No. 19. For the following reasons, Plaintiff's motion is GRANTED.

## II. Background

Plaintiff Ada Casillas Gascon worked for Defendant Universal Intermodal Services, Inc. ("Universal") as a truck driver from about July 2023 to February 2025. Complaint ("Compl."), ECF No. 1-1, ¶ 10. On June 5, 2025, Plaintiff brought a class action lawsuit in state court against Universal, alleging: (1) meal period violations; (2) rest period violations; (3) untimely payment of wages; (4) wage statement violations; (5) waiting time penalties; (6) failure to reimburse business expenses; and (7) unfair competition. *See* Compl. Plaintiff defined the class as follows:

> "All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under

:

Initials of Preparer    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
|---|---|---|---|

| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* |
|---|---|

Emergency Rule 9) prior to the filing of this action through date of class certification." *Id.* ¶ 16.

On July 21, 2025, Universal removed the case to this Court based on diversity subject matter jurisdiction. Notice of Removal ("Removal"), ECF No. 1, ¶ 47. Universal claimed the jurisdictional minimum is satisfied because Plaintiff's potential damages and attorneys' fees exceeds $75,000. *Id.* ¶ 13-40. Specifically, Universal claimed the amount in controversy is at least $221,879.38. *Id.* ¶ 41. Universal estimated Plaintiff's claims for damages as follows:

| Type of Damages | Amount in Controversy |
|---|---|
| Waiting Time Penalties | $6,240.00 |
| Wage Statement Penalties | $4,000.00 |
| Meal Period Premiums | $9,490.00 |
| Rest Period Premiums | $9,490.00 |
| Failure to Timely Pay Wages | $10,300.00 |
| Liquidated Damages | $1,898.00 |
| Unreimbursed Business Expenses | $461.38 |
| Attorneys' Fees | $180,000.00+ |
| **Total** | **$221,879.38** |

*Id.* ¶ 41.

Plaintiff moved to remand on August 18, 2025. *See* Mot. Plaintiff challenges Universal's attorneys' fees calculation as well as the assumptions underlying Universal's estimates for Plaintiff's other damages claims.[1] *Id.* at 1-3.

---

[1] Given the Court ultimately finds that Universal's improper allocation of attorneys' fees is dispositive in granting Plaintiff's motion to remand, the Court need not address the parties' other arguments.

:

Initials of Preparer     DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
|---|---|---|---|
| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* | | |

### III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). Defendant's burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567. (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### IV. Discussion

Universal removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Removal ¶ 47. Diversity jurisdiction requires that the removing party demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)-(a)(1). The parties dispute whether the amount in controversy requirement has been met.

Universal claims the amount in controversy totals $221,879.38, including at least $180,000 in attorneys' fees. Removal ¶ 41. Universal calculated the estimated attorneys' fees by multiplying Plaintiff's

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
|---|---|---|---|
| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* | | |

counsel's standard hourly rate of $600 by 300 hours, the amount of time courts have found to be reasonable for attorneys to expend on an individual employment action through trial. *Id.* ¶ 38-40.

The sole question before this Court is whether the attorneys' fees estimate should be attributed solely to the named plaintiff, as Universal argues, or distributed among the potential number of class members, as Plaintiff argues. The former method results in an amount in controversy exceeding $75,000, which would require the Court to deny Plaintiff's motion to remand. The latter method leads to the opposite result. For the reasons set forth below, this Court agrees with Plaintiff that the estimated attorneys' fees should be distributed among plaintiff class members.

### A. Ninth Circuit Precedent Suggests a Case-by-Case Statutory Analysis is Required

The question of whether to allocate attorneys' fees solely to named plaintiffs or to all members of a class for the purposes of determining the amount in controversy was confronted by the Ninth Circuit in *Gibson v. Chrysler Corp.* 261 F.3d 927, 941-43 (9th Cir. 2001). The plaintiffs in *Gibson* brought claims under Cal. Civ. Proc. Code § 1021.5, which gives courts discretion to "award attorneys' fees to a successful party." *Id.* at 942. The *Gibson* court focused on this statutory language, rejecting the defendant's argument that attorneys' fees should be attributed only to the named plaintiffs because "section 1021.5 states only that attorneys' fees go 'to a successful party.'" *Id.* (quoting Cal. Civ. Proc. Code § 1021.5). Successful parties, according to the *Gibson* court, are not limited solely to named plaintiffs in a class action. In fact, the *Gibson* court pointed out that California courts have found that awards under this statute are a bounty for all plaintiffs who successfully litigate in the public interest, not just the named plaintiffs in a class action. *Id.* The court thus held that "under this California law at least, attorneys' fees are not awarded solely to the named plaintiffs in a class action, and that they therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy." *Id.*

The *Gibson* court distinguished their analysis from *In re Abbott Laboratories*, where the Fifth Circuit held that the plaintiffs' claims satisfied the amount in controversy requirement because the estimated attorneys' fees could only be allocated to the named plaintiffs. 51 F.3d 524, 526 (5th Cir. 1995).

|  | : |
|---|---|
|  | Initials of Preparer  DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
|---|---|---|---|

| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* |
|---|---|

The *Gibson* court pointed out that whereas Section 1102.5 allowed attorneys' fees for "a successful party," the Louisiana statute at issue in *Abbott Laboratories* allowed attorneys' fees only for "representative parties." *Gibson*, 261 F.3d at 942 (quoting Cal. Civ. Proc. Code § 1021.5; La. Code civ. Proc. Art. 595). Accordingly, under Section 1102.5, attorneys' fees cannot be allocated solely to named plaintiffs for purposes of calculating the amount in controversy. *Id.*

This question was also confronted in *Kanter v. Warner-Lambert Co.*, where plaintiffs requested attorneys' fees under California's Consumer Legal Remedies Act, which awards attorneys' fees "to a prevailing plaintiff." 265 F.3d 853, 858 (9th Cir. 2001) (quoting Cal. Civ. Code § 1780). The *Kanter* court analogized this statute to the one at issue in *Gibson*, which awards attorneys' fees to "a successful party." *Id.* (quoting Cal. Civ. Proc. Code § 1021.5). Noting that the language in the two provisions is not materially different, the *Kanter* court held that attorneys' fees must be divided among all members of the plaintiff class for purposes of determining the amount in controversy. *Id.*

Thus, the Ninth Circuit confirmed in both *Gibson* and *Kanter* that the allocation issue is determined by the language of the statute plaintiffs bring their claims under.[2]

### B. Statutory Analysis

Although Plaintiff seeks attorneys' fees under every cause of action she alleges against Universal, not every one of these statutes allows Plaintiff to recover attorneys' fees. As just one example, attorneys' fees are not available for meal and rest period claims under California Labor Code § 226.7. *See Lopez v.*

---

[2] Universal argues it is inappropriate to distribute attorneys' fees among members of the plaintiff class before the class has even been certified. Defendant's Opposition to Plaintiff's Motion to Remand, ECF No. 20, at 5. Universal's attempts to distinguish *Gibson* are unconvincing. The *Gibson* court held that attorneys' fees must be divided across the plaintiff class for purposes of calculating the amount in controversy despite explicitly recognizing class certification had not yet occurred. *Gibson*, 261 F.3d at 941 ("We have no doubt that attorneys' fees would exceed $75,000 per named plaintiff in this case *if* removal to federal court were upheld and class certification were granted." (emphasis added)).

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
|---|---|---|---|
| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* | | |

*Gen. Dynamics Info. Tech., Inc.*, 2025 WL 2308098, at *9 (S.D. Cal. Aug. 11, 2025) (citing *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal.4th 1244, 1252 (2012)).

However, Plaintiff can seek attorneys' fees for her claim alleging failure to provide accurate, itemized wage statements under California Labor Code § 226. This section states, in relevant part, "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [this section] is entitled . . . to an award of costs and reasonable attorney's fees." California Labor Code § 226(e)(1). This Court finds that Section 226 entitles all prevailing employees to attorneys' fees, not just the named plaintiffs in a class action. The terms used in this statute are essentially indistinguishable from those considered by the Ninth Circuit in *Gibson* ("a successful party") and *Kanter* ("prevailing party"). Moreover, Section 226's language stands in contrast to the "representative parties" language found in the Louisiana law at issue in *Abbott Laboratories*. Thus, Universal's estimate for attorneys' fees must be divided among all members of the plaintiff class for purposes of determining the amount in controversy.

### C. Application

For this Court to have subject matter jurisdiction over this removed action, the amount in controversy must exceed $75,000. Universal claimed the amount in controversy for this action is $221,879.38, including $180,000 in attorney's fees. Removal ¶ 41. As already discussed, to calculate the amount in controversy for this action, the attorneys' fees estimate must first be divided among all members of the plaintiff class. However, Universal provides no information regarding how many potential class members there are in this action. Universal's claimed amount in controversy is flawed without any such evidence. Again, Universal bears the burden of establishing that removal is proper, including "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 565-567 (citing *McNutt*, 298 U.S. at 189); *see also Soules v. Farmersonly.com*, 2016 WL 10966409, at *1 (C.D. Cal. Mar. 16, 2016) ("In order to survive remand, the removing defendant must demonstrate that the amount in controversy requirement is satisfied by a preponderance of the evidence.").

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
|---|---|---|---|

| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* |
|---|---|

As shown by the following calculations, in order to demonstrate that the amount in controversy requirement is satisfied, Universal would need to show by a preponderance of the evidence that the plaintiff class consists of at most five members. Without attorneys' fees, Universal's estimate for the amount in controversy for this action only amounts to $41,879. If the $180,000 in estimated attorneys' fees is divided among five class members, Universal can allocate $36,000 in attorneys' fees to each class member. Adding this $36,000 in pro-rated attorneys' fees to the damages estimate of $41,879 yields a total amount in controversy of $77,879. However, a class of more than five members would make the pro rata amount of attorneys' fees too small for the total amount in controversy to exceed the $75,000 minimum. Nevertheless, Universal fails to provide any estimate for the number of class members at issue, let alone five.

Plaintiff points the Court to *Jonathan Bermudez v. Mason Dixon Intermodal*, a similar wage and hour class action filed against Universal in California state court.[3] There, the class was defined as "all current and former hourly-paid, non-exempt truck drivers of Defendant who worked in the State of California from April 26, 2014 through July 31, 2019." Final Order Approving Class Action Settlement and Judgment, Case No. 34-2018-00231903, Docket No. 48. According to a declaration filed in *Bermudez* by an employee of the class action administrator, there were 198 participating members in the class. Declaration of Stephanie Molina, Case No. 34-2018-00231903, Docket No. 56. The Court finds this evidence persuasive given the similarities between *Bermudez*'s and the present case's class definitions.[4] Thus, distributing $180,000 in attorneys' fees across 198 members yields $909 in attorneys' fees per class member, far below what is required to meet the jurisdictional minimum.

---

[3] When a motion to remand challenges the basis of the Court's jurisdiction, the Court may consider evidence outside the pleadings. *Fick v. Unum Life Ins. Co. of Am.*, 2012 WL 5214346, at *8 (E.D. Cal. Oct. 22, 2012).

[4] As a reminder, Plaintiff defines the class at issue as:

> "All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification." Compl. ¶ 16.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01892-SVW-SK | Date | October 24, 2025 |
|---|---|---|---|
| Title | *Ada Casillas Gascon v. Universal Intermodal Services, Inc. et al* | | |

Universal neither attempts to distinguish Plaintiff's evidence nor provide their own evidence showing how many potential members are in the plaintiff class. Therefore, Universal has failed to meet its burden in showing this Court has subject matter jurisdiction over the removed action.

### V.  Conclusion

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. This case is remanded back to the Superior Court of the State of California for the County of San Bernardino.

**IT IS SO ORDERED.**

:

Initials of Preparer    DT